IN RE ESTATE OF WERNER
(LANE, ADMR., W.W.A., APPELLANT).

(No. 84AP-1166 — Decided
June 20, 1985.)

APPEAL: Court of Appeals for
Franklin County.

*Bruce W. Powell,* for appellant
William M. Lane.

*Anthony J. Celebrezze, Jr.,* attorney
general, and *Richard C. Farrin,* for appellee Joanne Limbach, Tax Commissioner.

WHITESIDE, J. This is an appeal by
William M. Lane, Administrator with
will annexed, of the Estate of Eva I.
Werner from a judgment of the Franklin
County Court of Common Pleas, Probate Division, overruling exceptions to
the Tax Commissioner's determination
denying appellant's claim for refund
pursuant to R.C. 5731.28, the exceptions being filed in the probate court
pursuant to R.C. 5731.30.

R.C. 5731.28 provides with respect
to determination of estate taxes:

"* * * [I]f the determination of
taxes so made is erroneous due to a
mistake of fact or law, a claim for refund
of tax may be filed by an executor [or]
administrator * * * within three years
from the time the return was required to
be filed * * *."

In this case, the administrator filed
an estate tax return listing allegedly factually erroneous values for certain properties, which values were accepted by
the Tax Commissioner in making the
determination of estate taxes due, and
no exception was made thereto. Subsequently the administrator allegedly
ascertained that some of the values
listed in the estate tax return were erroneous and, accordingly, filed a claim
for refund. The Tax Commissioner denied the claim for refund, stating in
part:

"A claim for refund of Ohio estate
tax may be made pursuant to Section
5731.28 O.R.C. for allowable debts and
'if the determination of taxes [* * *] is
erroneous due to a mistake of fact or
law.' The instant case involves neither.
It has been held that the appraisal of
real estate at a higher value than subsequently sold for is a mistake in judgment. * * *"

Exceptions were filed in the probate
court pursuant to R.C. 5731.30, and
evidence was adduced at a hearing, at
the conclusion of which the trial court
made the following finding as to the
values of the properties involved:

"* * * Court finds Siebert Road
property of a valuation of $26,000; Parsons Avenue $17,500; Lukens Road,
$298,000; and London-Groveport Road
$183,000. It remains a question of law
whether or not the exceptions may be
considered by the Court * * *."

Subsequently, the probate court
rendered a written opinion finding no
mistake in fact to be involved, apparently predicated upon the same theory as
the Tax Commissioner, although the
probate court stated in part:

"If [*sic*] the opinion of this court the
mistake in fact referred to in the
statute, does not simply mean that we
have found a new appraiser who would
like to for a fee testify. Mistake in fact
could be based on an erroneous assumption * * *."

The initial problem with this decision of the probate court is that that
court had already made a factual determination as to the values of the properties involved, which values were
substantially less than those which were
listed on the estate tax return by the administrator of the estate. The difference
is noted in the following table:

| Property | Value Placed by Administrator on Tax Return and Accepted by Tax Commissioner | Value as Determined by Probate Court |
|---|---|---|
| Siebert Road | $ 29,000.00 | $ 26,000.00 |
| Parsons Avenue | 20,000.00 | 17,500.00 |
| Lukens Road | 423,049.50 | 298,000.00 |
| London-Groveport Road | 219,000.00 | 183,000.00 |

The value of property, real or personal, constitutes a fact. The opinion of an appraiser as to such value constitutes only evidence upon which a determination of fact, that is the value of the property, may be made. The determination of the Tax Commissioner and the opinion of the probate court are apparently predicated upon an assumption that the value of property does not constitute a fact within the contemplation of R.C. 5731.28. We find, however, that the value of property does constitute a fact within the contemplation of that section.

The opinion of the probate court would be controlling if that court had rejected the opinion evidence of the expert appraisal witnesses and found that the values of the properties involved were those set forth in the tax return. In other words, the probate court may appropriately reject new evidence as to value, which could have been obtained prior to the filing of the tax return, and find the values to be as set forth in the return. Here, however, the probate court did not make such a finding but, instead, made a factual finding that the values of the properties are substantially less than those indicated in the tax return. Accordingly, this constitutes a finding by the probate court that the values listed in the tax return and accepted by the Tax Commissioner were factually erroneous with respect to the subject properties.

The second issue involved in this case is whether the erroneous listing by the administrator of higher values for the properties than those which the probate court factually determined to be the correct values was the result of a "mistake" within the contemplation of R.C. 5731.28 since, if there be such a mistake, it was one of fact.

The initial determination of the existence of a mistake depends upon who made the mistake. Here, the appellant contends that the administrator made a mistake by including erroneously high values for the subject properties in the tax return. Some of the argument of the Tax Commissioner focuses upon whether the appraisal made by an appraiser in connection with the inventory of the estate constitutes a mistake of fact. That is not the issue before us.

The appellant has asserted the following assignment of error:

"The court below erred by barring the appellant-estate's claim for refund of Ohio estate tax. Stated more particularly, the court erred in overruling the exceptions taken by the appellant-estate to the Tax Commissioner's disallowance of a claim for refund of Ohio estate tax."

As contended by appellant, the issue before the Tax Commissioner and the probate court was whether the administrator made a mistake of fact in listing the erroneously high values for the subject properties. The essence of appellant's argument is that the administrator made a mistake of fact in assuming that the values upon which the inventory and appraisal were based were the correct values of the properties involved; whereas, in fact, as determined by the probate court, the values were substantially less. Neither the Tax Commissioner nor the probate court determined this issue.

The Tax Commissioner in essence found that an erroneous value of property could never constitute a mistake of fact. The probate court apparently focused upon the question of whether an appraiser had made a mistake of fact in appraising the property. Although the trial court correctly referred to "erroneous assumptions," the example given by the court was as to the highest and best use of property. However, the erroneous assumption that a value stated elsewhere is the correct value for property also constitutes a mistake if, in fact, the value of the property is less than the amount so stated, whether such value assumed to be correct was determined by an appraiser or by the taxpayer himself. Essentially, a mistake of fact exists when one understands a fact to be different than it actually is. Thus, when a fact is assumed to exist which does not really exist, there is a mistake of fact, so long as the party making the mistake is free from negligence or breach of legal duty and acted in good faith.

Here, the evidence indicates that the administrator predicated the values in the tax return upon values shown in the inventory and appraisal based upon values determined by a court-appointed appraiser, who now testifies that the values in the inventory and appraisal are erroneous because of information not taken into account at that time. The probate court found the values to be less that those set forth in the tax return and the inventory and appraisal. The question then becomes whether the administrator made a mistake of fact upon which relief can be granted in relying upon the values indicated in the inventory and appraisal, which values have now been determined to be factually erroneous. Whether such an erroneous listing of values constitutes a mistake of fact upon which relief can be granted necessarily depends in part on whether the administrator was negligent in relying upon the values shown in the inventory and appraisal or, stated differently, made a mistake of fact in assuming the values set forth in the inventory and appraisal to be the true values of the properties involved. For example, if the administrator knew, or should have known, that the values set forth in the inventory and appraisal were substantially higher than the true values of the properties involved but, nevertheless, for whatever reason, included the higher values in the tax return, there would be no mistake of fact. On the other hand, if the administrator utilized the higher figures in the tax return for the properties upon a mistaken assumption that the inventory and appraisal correctly reflected the true values of the properties involved, then a mistake of fact could be found to exist within the contemplation of R.C. 5731.28.

Unfortunately, neither the decision of the Tax Commissioner nor that of the probate court determines this controlling issue. However, the probate court did determine that an error had been made as to the values of the properties involved. The question then becomes whether this error was the result of a mistake of fact on the part of the administrator in preparing the state tax return, which it would be if the administrator, without negligence, assumed the values to be as stated in the estate tax return when, in fact, they were not. On the other hand, if the administrator utilized the inventory and appraisal amounts as the values of properties upon the mistaken belief that he was legally required to do so in preparing the estate tax return, this would constitute a mistake of law, for which R.C. 5731.28 also affords relief.

As we have indicated, the probate court has found that the determination of taxes by the Tax Commissioner was erroneous because higher than the true values of certain properties were utilized in making the determination. However, the trial court did not determine the issue of whether such error was due

to a mistake of fact or law on the part of the administrator in assuming the accuracy of the amounts in the inventory and appraisal. There is nothing in the record directly indicating that the administrator was negligent in assuming the values set forth in the inventory and appraisal to reflect the correct values of the properties involved when, as determined by the probate court, they did not, or that the administrator had any reason to know that their values were different at the time of filing the estate tax return. However, since the probate court has not made an express determination of this pivotal issue, it is necessary to remand the cause to that court for such determination, the assignment of error being well-taken.

For the foregoing reasons, the assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas, Probate Division, is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

STERN, J., concurs.

MOYER, J., concurs in judgment only.

STERN, J., retired Justice of the Supreme Court of Ohio, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.