[Cite as *In re Guardianship Cohodes*, 2014-Ohio-277.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

In re:                                             :

The Guardianship of Sharon K. Cohodes,   :          No. 13AP-519
                                                    (P.C. No. 550851)
(Teri Cohodes Morof,                       :

      Intervenor-Appellant).          :          (REGULAR CALENDAR)

---

### D E C I S I O N

### Rendered on January 28, 2014

---

*Lee M. Smith & Assoc. Co., LPA,* and *Bradley R. Glover*, for appellee Guardian of the Estate of Sharon Cohodes.

*David A. Belinky*, Guardian of the Person of Sharon Cohodes.

*Starkey & Waid LLC, Phillip A. Waid* and *David H. Starkey*, for Intervenor-Appellant Teri Morof.

---

### APPEAL from the Franklin County Probate Court

TYACK, J.

{¶1} Appellant, Teri Cohodes Morof ("Morof"), is appealing from the refusal of the Franklin County Probate Court to allow her to intervene in proceedings regarding the guardianship of her mother, Sharon K. Cohodes ("Cohodes"). A single error is assigned for our review:

> The Franklin County Probate Court erred in denying Intervener Appellant's Motion to Intervene filed under Civ.R. 24(A) after the Guardian of the Estate had filed a Motion to Invoke Exercise by Probate Court of Power under ORC 2111.50(B).

{¶2} Civ.R. 24(A)(1) and (2) provides:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

{¶3} Cohodes is a 74 year-old divorced woman with three adult children. She executed a will in 1979 and a codicil in 1994 naming as beneficiary her three children equally. Her net worth at the establishment of the guardianship was approximately $47 million. On December 27, 2011, she was declared incompetent and the probate court appointed David A. Belinky as guardian of the person, and Bradley R. Glover as guardian of the estate.

{¶4} Despite her substantial assets, Cohodes was living in a downtown hotel because her residence was uninhabitable. Eventually, she had to be hospitalized in a psychiatric facility as her condition deteriorated. After a four-week hospitalization, she returned to her residence, which had undergone extensive renovation, cleaning, and decorating. Cohodes now lives in her home with 24/7 care. Her physical, mental, and emotional health have improved.

{¶5} Prior to the guardianship, Cohodes maintained multiple checking and savings accounts, and retained millions of dollars worth of stock in certificated form. Many of those certificates had been misplaced or discarded. Additionally, Cohodes had not filed a state or federal income tax return in a number of years.

{¶6} On May 17, 2012, Eileen Bower was appointed guardian ad litem for Cohodes. The guardian of the estate authorized her to recommend financial and estate planning for Cohodes. On October 12, 2012, the guardian of the estate filed a motion asking the probate court to approve a financial/estate plan for Cohodes. On October 25, 2012, Morof filed her motion to intervene. On November 13, 2012, Morof filed a lawsuit in federal district court alleging tortious interference with her expected inheritance and a conspiracy to disinherit Morof. The federal lawsuit was dismissed without prejudice on March 13, 2013 and, within 48 hours, the guardian ad litem resigned her position.

{¶7} The issue asserted on behalf of Morof in this appeal is whether the probate court properly applied Civ.R. 24(A). The Statement of Issues in Morof's brief, as appellant, reads:

> Does the child of a ward, who is a beneficiary of the ward's will, have an interest in estate and financial planning being done for the ward by the Guardian of the Estate and the Probate Court, such that the child has a right to intervene in estate and financial planning actions?

{¶8} The issue set forth in the brief is a concise statement of the issue, which was before the probate court. The probate court carefully addressed it and resolved it correctly.

{¶9} A court's refusal to permit a party to intervene in an action is a final, appealable order. *Grogan v. T.W. Grogan Co.*, 143 Ohio App.3d 548, 558 (8th Dist.2001). Our review of that denial is under an abuse of discretion standard. *Jamestown Village Condominium Owners Assn. v. Market Media Research, Inc.*, 96 Ohio App.3d 678, 694 (8th Dist.1994).

{¶10} Morof argues for the first time on appeal, that she has a legally protectable interest in the form of a cause of action for the tort of intentional interference with an expectancy of inheritance. The Supreme Court of Ohio has held that: (1) Ohio recognizes the tort of intentional interference with expectancy of inheritance, and (2) any person who can prove elements of this tort can maintain cause of action. *Firestone v. Galbreath*, 67 Ohio St.3d 87 (1993). The elements of the tort are: (1) an existence of an expectancy of inheritance in the plaintiff; (2) an intentional interference by a defendant(s) with that expectancy of inheritance; (3) conduct by the defendant involving the interference which is tortious, such as fraud, duress or undue influence, in nature; (4) a reasonable certainty that the expectancy of inheritance would have been realized, but for the interference by the defendant; and (5) damage resulting from the interference. *Id.* at 88. In the following action in federal court, the Sixth Circuit Court of Appeals noted the following:

> We recognize that certain probate-related causes of action may only be brought by parties with a vested claim to the estate. A cause of action for tortious interference with expectancy of inheritance, however, protects a more attenuated claim to the decedent's property-a claim which

> need not rise to the level of a vested interest in order to be protected as a legitimate expectancy.

*Firestone v. Galbreath*, 25 F.3d 323, 325-26 (6th Cir.1994).

{¶11} Morof did not raise this issue before the probate court, thereby waiving the issue on appeal. In addition, the cases cited on behalf of Morof as indicating the existence of a legally cognizable interest in a possible inheritance are all tort cases. This is not a tort action. This is a guardianship case. The appointed guardians and the probate court itself as a superior guardian are by all indications doing a good job of helping Cohodes return to full mental and physical health. The estate plan was undertaken because Cohodes had nearly all her stock invested in one company and had not filed tax returns for a number of years. The plan was designed to protect her assets by diversification and to lower her tax obligations. Nothing in the record before us indicates the presence of a tort for diverting assets owned by Cohodes.

{¶12} Morof's status as a child and prospective heir of Cohodes does not automatically entitle her to intervene in her mother's guardianship.

{¶13} The technical word used by the probate court to deny intervention was "vested." In general, no one has a guaranteed or vested interest in the last will and testament of a parent. Being related to the ward is not enough to confer party status upon a person, nor is being served with notice of proceedings. *In re Guardianship of Santrucek*, 120 Ohio St.3d 67, 2008-Ohio-4915, ¶ 14. Morof is not in a position to dictate to her mother or to the probate court how estate planning or investment strategy should be pursued. Based upon the facts of this case, the probate court was not required by Civ.R. 24 to allow intervention and was within its discretion to refuse to do so.

{¶14} The sole assignment of error is overruled. The judgment of the Franklin County Probate Court is affirmed.

*Judgment affirmed.*

BROWN and KLATT, JJ., concur.

_____