[Cite as *Syed v. Poulos*, 2016-Ohio-3168.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 103137 and 103499**

# KASHIF SYED

PLAINTIFF-APPELLANT

vs.

# JOHN D. POULOS, ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-826625

**BEFORE:** Keough, P.J., E.A. Gallagher, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** May 26, 2016

**ATTORNEY FOR APPELLANT**

Saeid B. Amini
730 24th Street, N.W.
Suite One
Washington, D.C.   20037


**ATTORNEYS FOR APPELLEES**

**For John D. Poulos**

Andrew R. Kasle
23811 Chagrin Blvd., Suite 105
Beachwood, Ohio 44122

**For Sukhawant Singh, Davinder Kaur Attwal,
Satpal Kaur Randhawa, Nishkam One, Inc., and
4741 LLC**

Brian J. Green
Shapero & Green, L.L.C.
Signature Square 11, Suite 220
25101 Chagrin Boulevard
Beachwood, Ohio 44122

KATHLEEN ANN KEOUGH, P.J.:

{¶1} In these consolidated appeals, plaintiff-appellant, Kashif Syed, appeals from the trial court's judgments granting the motions for summary judgment of defendants-appellees, John D. Poulos, Sukhawant Singh, Davinder Kaur Attwal, Satpal Kaur Randhawa, and Nishkam One, Inc., and denying Syed's subsequent Civ.R. 60(B) motion for relief from judgment. Finding no merit to the appeal, we affirm.

I. Background

{¶2} The record reflects the following. In May 1998, Syed and a partner formed an Ohio corporation known as Y.A.G., Inc. Y.A.G. operated a convenience store under the trade name Deli Mart on premises leased by the Poulos family to Y.A.G.

{¶3} In 2002, defendant Singh purchased the interest of Syed's partner, making Syed and Singh each 50 percent owners of Y.A.G. In May 2005, the lease expired and thereafter, Y.A.G. operated Deli Mart at the premises under a month-to-month lease.

{¶4} Singh ran the daily operation of the Deli Mart. Singh's wife, defendant Randhawa, also worked at Deli Mart on an hourly basis as a clerk and cashier. Per a verbal agreement, Singh agreed to pay Syed $1,925 per month, regardless of revenue, while the Deli Mart operated at the premises.

{¶5} In June 2010, Randhawa incorporated Nishkam One, Inc. to own and operate "The Pantry," a convenience store located several blocks down the street from

Deli Mart. Syed had no objections to Randhawa or Singh owning and operating another convenience store; in fact, he owned and operated several other convenience stores during the same time period.

{¶6} On September 10, 2010, Syed and Singh received a letter from defendant Poulos advising that Y.A.G.'s month-to-month tenancy would be terminated effective October 31, 2010. Syed and Singh subsequently met with Poulos, but were unsuccessful in their efforts to continue renting the premises. Syed and Singh made no effort to relocate Deli Mart, to preserve any of Y.A.G.'s operating licenses, or to otherwise continue the business. Instead, by mutual agreement, Deli Mart closed in November 2010, and the assets of Y.A.G. were split equally between Syed and Singh.

{¶7} In December 2010, Poulos — who planned to open a convenience store named City Mart at Deli Mart's old location — advertised in the Cleveland Plain Dealer for a manager for City Mart. Randhawa responded to the ad, and thereafter, Randhawa, through Nishkam One, entered into an agreement with Poulos to operate and manage City Mart. Subsequently, defendant Attwal, who is Randhawa's cousin, purchased Poulos's interest in City Mart and 4741 LLC, a corporation formed by Poulos in June 2010 to own and operate City Mart. Randhawa later purchased the premises in which City Mart was a tenant.

**{¶8}** On October 12, 2012, Syed filed a complaint against defendants Poulos, Singh, Randhawa, Nishkam One, and Attwal. He later voluntarily dismissed the complaint pursuant to Civ.R. 41(A).

**{¶9}** On May 9, 2014, Syed refiled his complaint against the same defendants, alleging (1) civil conspiracy/collusion against all defendants; (2) tortious interference with a business relationship against defendants Poulos, Randhawa, and Attwal; (3) tortious interference with prospective economic advantage against defendants Poulos, Randhawa, and Attwal; and (4) bad faith dealing and breach of fiduciary duty against defendant Singh. As set forth in paragraph 29 of Syed's complaint, the gist of his claims was that the defendants "intentionally acted in concert and under the scheme collectively designed, deliberately and in bad faith conspired and planned to push plaintiff out of the picture without paying for his shares or interest in the business."

**{¶10}** Poulos filed a motion for summary judgment, and defendants Singh, Attwal, Randhawa, and Nishkam One filed a joint motion for summary judgment. The trial court granted both motions. Syed subsequently filed a Civ.R. 60(B) motion for relief from judgment, which the trial court denied. This appeal followed.

## II. Analysis

**{¶11}** In his first assignment of error, Syed contends that the trial court erred in granting summary judgment on all of his claims.

A.    Standard of Review

{¶12} Civ.R. 56(C) provides that summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998); *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). We review the trial court's judgment de novo, using the same standard that the trial court applies under Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶13} The party moving for summary judgment bears the burden of demonstrating that no material issues of fact exist for trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Id.* The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. The nonmoving party must set forth specific facts by the means listed in Civ.R. 56(C) showing that there is a genuine issue for trial. *Id.* The reviewing court evaluates the record in a light most favorable to the nonmoving party. *Saunders v. McFaul*, 71 Ohio App.3d 46, 50, 593 N.E.2d 24 (8th Dist.1990). Any doubts must be resolved in favor of the

nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138 (1992).

B.    Tortious Interference with a Business Relationship and Prospective Economic Advantage

{¶14} Count II of Syed's complaint asserted a claim for tortious interference with a business relationship against defendant Poulos, Randhawa, and Attwal. Count III asserted a claim for tortious interference with prospective economic advantage against the same defendants.

{¶15} At the outset, we note that courts in Ohio use the terms "tortious interference with a business expectancy" (or, as Syed alleged, "tortious interference with prospective economic advantage") and "tortious interference with a business relationship" interchangeably. *Coventry Group, Inc. v. Gottlieb*, 8th Dist. Cuyahoga No. 100056, 2014-Ohio-213, ¶ 13. Ohio does not recognize the tort of wrongful interference with a business expectancy that is separate from tortious interference with a business relationship. *Id.*, citing *EJS Properties, LLC v. Toledo*, 651 F.Supp.2d 743, fn. 1 (N.D.Ohio 2009).

{¶16} To establish a claim for tortious interference with a business relationship or contract, a plaintiff must demonstrate (1) a business relationship or contract, (2) the tortfeasor's knowledge of the relationship or contract; (3) the tortfeasor's intentional or improper action taken to prevent a contract formation, procure a contractual breach, or terminate a business relationship; (4) a lack of privilege; and (5) resulting damages.

*Byrne v. Univ. Hosps.*, 8th Dist. Cuyahoga No. 95971, 2011-Ohio-4110, ¶ 28, citing *Castle Hill Holdings, LLC v. Al Hut, Inc.*, 8th Dist. Cuyahoga No. 86442, 2006-Ohio-1353, ¶ 46.

{¶17} Interference with the business relationship alone is insufficient to sustain a cause of action for tortious interference. *Fred Siegel Co., L.P.A. v. Arter & Hadden*, 85 Ohio St.3d 171, 178, 707 N.E.2d 853 (1999). It is the improper nature of the conduct that establishes liability. *Baseball at Trotwood, LLC v. Dayton Professional Baseball Club*, S.D.Ohio No. C-3-98-260, 2003 U.S. Dist. LEXIS 27460 (Sept. 2, 2003).

{¶18} Our review of the record demonstrates that Syed failed to produce any evidence of tortious interference by the defendants. First, the defendants did not interfere with any "business relationship" of Syed's. The Deli Mart had already closed when Poulos entered into the management agreement with Randhawa to operate and manage City Mart. Likewise, Deli Mart was already closed when Poulos entered into the purchase agreement with Attwal. Deli Mart's closure terminated any possible business relationship necessary to establish tortious interference.

{¶19} Moreover, there is simply no evidence of any "interference" by any of the defendants with Syed's interest in Deli Mart. Even if, as Syed contends, there were clandestine meetings or secretive plans by any of the defendants prior to Deli Mart's closing, Syed acknowledged that Deli Mart's closing resulted solely from his and Singh's mutual agreement to close. Syed presented no evidence to challenge Poulos's right to

terminate Deli Mart's lease or Randhawa and Attwal's freedom to contract with Poulos. In fact, in his deposition, Syed acknowledged that Poulos had the right to terminate Deli Mart's month-to-month lease, take possession of the premises following Deli Mart's closing, operate a convenience store there, enter into an agreement with Randhawa and Nishkam One to operate and manage City Mart, and sell the premises and City Mart without offering to sell either to Syed.

{¶20} Quite simply, Syed's allegations of tortious interference are unsubstantiated and uncorroborated. Syed's four-paragraph affidavit attached to his brief in opposition is insufficient to create any issues of material fact regarding his tortious interference claims. The only evidence set forth in the affidavit is that Randwana established a corporate entity in June 2010, that Syed had a 50 per cent interest in Y.A.G., and that in October 2010, Y.A.G. was evicted from the premises. These facts are undisputed, however, and do not establish interference by the defendants with Syed's interest in Deli Mart.

{¶21} Syed's affidavit also asserted that "all the facts described in the response to the motions for summary judgment filed April 15, 2015 by my attorney * * * are true." Such a "catchall" provision incorporating all facts contained in a brief does not meet the requirements of Civ.R. 56(E), which requires that affidavits supporting and opposing summary judgment motions "shall set forth affirmatively such facts as would be admissible in evidence." Syed's affidavit failed to do so.

**{¶22}** The other averments in Syed's affidavit are either allegations or legal conclusions, and not evidence. For example, Syed avers that Randhawa established Nishkam in June 2010, "so that Randhawa could eliminate me as her business partner in Y.A.G., Inc." and that Y.A.G. was evicted "to clear the way for Poulos and Randhawa to claim Syed's interest in the business without paying for it." These allegations are merely self-serving legal conclusions.

**{¶23}** A self-serving affidavit is generally insufficient to overcome summary judgment, although an affidavit with corroborating evidence can be sufficient to create a genuine issue of material fact and prevent summary judgment. *Dedinsky v. Booth*, 8th Dist. Cuyahoga No. 93481, 2010-Ohio-2349, ¶ 34. Here, Syed's affidavit, which contained only undisputed facts and self-serving legal conclusions, failed to set forth specific facts demonstrating that there is a genuine issue of material fact for trial.

**{¶24}** Syed attached three other exhibits to his brief in opposition to the defendants' motions for summary judgment: two documents from the Ohio Secretary of State demonstrating that 4741 LLC[1] and Nishkam One were incorporated in June 2010, and the September 13, 2010 letter from Poulos to Singh and Syed terminating Deli Mart's lease effective October 31, 2010. However, none of the facts established by this evidence are in dispute.

---

[1] 4741 LLC was originally a party to this action but was later dismissed by Syed.

**{¶25}** What is disputed is Syed's allegations of a scheme to divest him of his ownership in Deli Mart without payment, but there is no evidence to support this claim. Because Syed failed to demonstrate a genuine issue of material fact regarding his tortious interference claims, the trial court did not err in granting the defendants' motions for summary judgment on these claims.

C.     Bad Faith Dealing and Breach of Fiduciary Duty

**{¶26}** In his complaint, Syed alleged that in 2006, Singh's wife, Randhawa, offered to purchase his 50 percent share of the business but he refused to sell. Syed's complaint alleged that after he refused to sell his share at the offered price, "Singh purposefully and in bad faith started running down their business and failed to keep the store clean and make routine repairs." He further alleged that Singh breached and violated his fiduciary duties of good faith and loyalty "by purposefully running down the business and personally taking advantage of the business opportunities which included but were not limited to dealing with defendant John Poulos, and purchasing the property and business from him at a discount."

**{¶27}** Syed offered no evidence of Singh's alleged bad faith dealing and breach of fiduciary duty in his brief in opposition to the defendants' motions for summary judgment, however. In fact, he made no argument whatsoever in his brief regarding these claims. Accordingly, because Syed failed to put forth any evidence showing a

genuine issue of material fact regarding these claims, the trial court did not err in granting summary judgment on Syed's claims for bad faith dealing and breach of fiduciary duty.

D.      Civil Conspiracy and Collusion

**{¶28}** To maintain a claim of civil conspiracy, Syed must demonstrate: (1) a malicious combination of two or more persons, (2) causing injury to another person or property, and (3) the existence of an unlawful act independent from the conspiracy itself. *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St.3d 415, 419, 650 N.E.2d 863 (1995).   An underlying unlawful act must be committed in order to establish an action for civil conspiracy.  *O'Brien v. Olmsted Falls*, 8th Dist. Cuyahoga Nos. 89966 and 90336, 2008-Ohio-2658, ¶ 41.   "[U]nless something is actually done by one or more of the conspirators which proximately results in damage, no civil action lies against anyone." 10 Ohio Jurisprudence 2d Conspiracy, Section 3, at 59 (1960).

**{¶29}** Collusion is "an agreement between two or more persons to defraud a person of his or her rights by the forms of law or to obtain an object forbidden by law.   It implies the existence of fraud of some kind, the employment of fraudulent means, or of lawful means for the accomplishment of an unlawful purpose."  *Williams v. Ohio Edison*, 8th Dist. Cuyahoga No. 92840, 2009-Ohio-5702, ¶ 21.

**{¶30}** In their motions for summary judgment, the defendants argued that there was no evidence of any unlawful acts by which the defendants colluded or conspired, and no evidence of how Syed was harmed.   In his brief in opposition to the defendants'

motion, Syed asserted that paragraph 29 of his complaint, which contained allegations of a scheme "collectively designed, deliberately and in bad faith" to deprive him of his interest in Deli Mart without payment, was sufficient evidence of fraud to support his claim for civil conspiracy and collusion. We disagree.

{¶31} First, paragraph 29 of the complaint does not establish a fraud claim because the alleged fraud was not set forth with specificity, as required by Civ.R. 9(B). Moreover, in opposing a motion for summary judgment, the nonmoving party cannot rest on the mere allegations of the complaint but must set forth specific facts showing there is a genuine issue of material fact for trial. Civ.R. 56(E); *Dresher*, 75 Ohio St.3d at 293, 662 N.E.2d 264. Syed's brief in opposition to the defendants' motions for summary judgment, however, failed to set forth any evidence of a conspiracy or facts demonstrating how he was harmed by the defendants' alleged collusion. Finally, because Syed's tortious interference, bad faith, and breach of fiduciary duty claims fail, there is no "underlying unlawful act" upon which his claims for civil conspiracy and collusion may proceed.

{¶32} As so aptly stated by the trial court in its opinion and judgment entry granting summary judgment:

> [T]he only facts set forth in [Syed's] opposition to defendants' motions for summary judgment are undisputed facts regarding when Y.A.G.'s lease was terminated, when defendants formed certain corporate entities, and when Poulos sold the property. There is no evidence of collusion or conspiracy to support Syed's claims. Syed simply wants the court to fill in the evidentiary blanks for him by relying on the Civ.R. 56 mandate to construe

the evidence most strongly in his favor. However, there is no evidence to construe other than the series of events which began with the lawful termination of Y.A.G.'s lease of the property and ended with his former partner's wife (Randhawa) running a similar business from the same location. Syed can only suggest that the court draw an inference from these events that he was the victim of wrongdoing by the defendants. However, no evidence was presented which would establish a genuine issue of material fact that this series of transactions was proximately connected to a plan to divest Syed of his interest in Y.A.G., Inc. without payment. This evidentiary gap cannot be overlooked by the court in deciding whether summary judgment is appropriate in this case.

{¶33} Because Syed produced no evidence to establish a genuine issue of material fact on any of his claims, the trial court properly granted summary judgment to defendants. The first assignment of error is overruled.

E.     Civ.R. 60(B) Motion for Relief from Judgment

{¶34} After the trial court granted defendants' motions for summary judgment, Syed filed a Civ.R. 60(B) motion for relief from judgment. In his motion, Syed argued that the doctrine of res judicata prohibited the trial court's granting of summary judgment because "summary judgment was previously denied defendants on the exact same issues."

{¶35} He argued further that there was "other information" regarding the defendants' alleged conspiracy that demonstrated that summary judgment was improperly granted. To support this argument, Syed attached to his motion various affidavits that were not before the trial court at the time summary judgment was granted, as well as Singh's answers to interrogatories. Syed argued that in light of this "new evidence," the

trial court should grant his motion pursuant to Civ.R. 60(B)(5), which allows a court to grant relief from judgment for "any other reason justifying relief from the judgment."

**{¶36}** The trial court subsequently denied the motion for relief from judgment. In his second assignment of error, Syed contends that the trial court erred in denying his motion.

**{¶37}** To prevail on a motion for relief from judgment, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if the relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time. *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. The movant must satisfy all three of these requirements to obtain relief. *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 666 N.E.2d 1134 (1996).

**{¶38}** We review a trial court's judgment regarding a motion for relief from judgment under an abuse of discretion standard. *Bank of N.Y. v. Elliot*, 8th Dist. Cuyahoga Nos. 97506 and 98179, 2012-Ohio-5285, ¶ 25. The term "abuse of discretion" implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Here, we find no abuse of discretion in the trial court's denial of Syed's motion for relief from judgment.

**{¶39}** First, Syed's res judicata argument had no merit. Although the trial court had previously denied Poulos's motion for summary judgment, "an interlocutory order of summary judgment may be reconsidered and revised by the trial court at any time before final judgment is entered." *Todd Dev. Co. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, 880 N.E.2d 88, ¶ 9.

**{¶40}** Second, although Syed claimed that his motion was brought pursuant to Civ.R. 60(B)(5), the motion referenced allegedly "new information" that the court had not considered before granting summary judgment. Therefore, Syed's motion was actually brought pursuant to Civ.R. 60(B)(2), which grants a trial court the authority to vacate a judgment based upon the discovery of "newly discovered evidence [that] by due diligence could not have been discovered in time to move for a new trial under Civ.R. 59(B)."

**{¶41}** To warrant the granting of a new trial on the grounds of newly discovered evidence:

> it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.

*McNamara v. McNamara*, 8th Dist. Cuyahoga No. 102330, 2015-Ohio-2707, ¶ 21.

**{¶42}** In his motion, Syed gave no reason whatsoever why the "new evidence" could not have been discovered while the case was active and the motions for summary judgment were pending. Accordingly, Syed failed to demonstrate that he was entitled to

relief from judgment under Civ.R. 60(B)(2).  Moreover, Syed's motion for relief from judgment and the evidence submitted with the motion did not demonstrate that Syed would have a meritorious claim to present if the motion were granted.  Accordingly, the trial court did not abuse its discretion in denying the motion for relief from judgment. The second assignment of error is overruled.

**{¶43}** Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
TIM McCORMACK, J., CONCUR