FIRESTONE ET AL. *v.* GALBREATH ET AL.

[Cite as *Firestone v. Galbreath* (1993), 67 Ohio St.3d 87.]

(No. 92–1925—Submitted May 26, 1993—Decided August 11, 1993.)

---

*Samuel I. Burstyn,* for petitioners Douglas B. Firestone and Amy Firestone del Valle.

*Joan E. O'Dell,*[1] *Charles Schneider* and *Locke McKenzie,* for petitioner Russell A. Firestone III.

*Strauss & Troy* and *Richard S. Wayne,* for petitioners Jeffrey and David Firestone.

*Squire, Sanders & Dempsey, David J. Young, C. Craig Woods* and *Gary M. Simon,* for respondents Bricker & Eckler, John Eckler, Estate of David C. Cummins, Charles H. Waterman III, and John W. Phillips.

*Baker & Hostetler, Robert M. Kincaid, Jr.* and *John F. Winkler,* for respondents Daniel M. Galbreath, John W. Galbreath Trust, Estate of John W. Galbreath, Estate of Dorothy B. Galbreath, Dorothy Bryan Galbreath Family Trust, Darby Dan Farm, John W. Galbreath Darby Dan Farm Trust, Joan Galbreath Phillips, James W. Phillips, Lizanne Galbreath, John W. Galbreath & Co., Inc., Galbreath–Ruffin Corp., Akron Redevelopment Corp., and Delores I. Dutoit.

*Denmead & Maloney, Craig Denmead* and *Kevin M. Maloney,* for respondent Bolon, Hart & Buehler, Inc.

---

1. This court, *sua sponte,* grants Joan E. O'Dell leave to appear *pro hac vice.*

With regard to certified question No. 1, the federal court order uses the language, " * * * with expectancy *or* inheritance * * *[.]" (Emphasis added.) The briefs of the parties present different versions of this phrase: Petitioners Jeffrey Firestone and David Firestone state, "with expectancy *of* inheritance * * *" (emphasis added); respondents Daniel M. Galbreath *et al.* use the language, "with expectancy *of an* inheritance * * *" (emphasis added); respondent Bolon, Hart & Buehler, Inc. states, "with *an expected* inheritance" (emphasis added); and respondents Bricker & Eckler *et al.* track the language of the federal court order to-wit, "with expectancy *or* inheritance" (emphasis added).

Assuming that the various versions of certified question No. 1 are all meant to present exactly the same issue,[2] we answer this certified question in the affirmative ("yes"). See, generally, *Morton v. Petitt* (1931), 124 Ohio St. 241, 177 N.E. 591. We find particularly instructive Restatement of the Law 2d, Torts (1979) 58, Section 774B, which provides:

"Intentional Interference with Inheritance or Gift.

"One who by fraud, duress or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that he would otherwise have received is subject to liability to the other for loss of the inheritance or gift."

We also find Comment *d* to Section 774B, at 59, enlightening.

In response to certified question No. 2, we advise that any person who can prove the elements of the tort of intentional interference with expectancy of inheritance has the right to maintain the cause of action. We further advise that the elements of the tort are: (1) an existence of an expectancy of inheritance in the plaintiff; (2) an intentional interference by a defendant(s) with that expectancy of inheritance; (3) conduct by the defendant involving the interference which is tortious, such as fraud, duress or undue influence, in nature; (4) a reasonable certainty that the expectancy of inheritance would have been realized, but for the interference by the defendant; and (5) damage resulting from the interference.

While the parties have raised other issues, such as exhaustion of other possible remedies, the federal court has not certified these issues to us nor do we deem it necessary to discuss those issues to resolve the two questions certified to us by the federal court. Accordingly, we confine our answers to the foregoing.

A.W. SWEENEY, DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

---

2. Our assumption is that "expectancy *of* inheritance" is correct.

MOYER, C.J., and EVANS, J., concur in part and dissent in part.

JOHN R. EVANS, J., of the Third Appellate District, sitting for WRIGHT, J.

EVANS, J., concurring in part and dissenting in part. While I concur in the answer of the majority to the first question, I respectfully dissent from the answer of the majority to the second question certified by the United States Court of Appeals for the Sixth Circuit. To the second question the majority responds, "that any person who can prove the elements of the tort of intentional interference with expectancy of inheritance has the right to maintain the cause of action." I believe the response is too broad because it includes strangers to the case who may be able, through discovery, to obtain the evidence required to establish the tort. There is no reason to forsake the traditional requirements of standing to maintain an action when discussing this cause of action.

The following statement taken from 59 American Jurisprudence 2d (1987) 417, Parties, Section 31, sets forth the rule:

"In order to support an action, the interest of a party plaintiff must be a present, substantial interest, as distinguished from a mere expectancy or future, contingent interest. A party must show that he has a justiciable interest in the subject matter of the litigation to maintain an action thereon."

In the case before us the plaintiffs are beneficiaries of an *inter vivos* trust. Under the terms of the decedent's last will and testament the residue of the decedent's estate is to pour over into this *inter vivos* trust. The claim of the plaintiffs is that through the fraudulent acts of the defendants during the last years of the decedent's life and while the decedent was incompetent, her estate was fraudulently diminished to the point that all of the assets remaining at her death were required to pay debts, expenses and specific bequests with nothing remaining for the residuary estate. Thus, it appears that the claim of these plaintiffs is a mere expectancy or future, contingent interest.

If there are assets which were wrongfully taken from the decedent during the last years of her life which would have been included in her estate except for the wrongful taking, it is the duty of the executor of the estate to pursue the claim and recover the assets for the estate. I see no reason to respond to the second question in such a way that the holder of a mere expectancy will be in a position to bring an action which should be brought by the executor of the estate.

I would respond to the second question by stating that the right to maintain the cause of action belongs only to the party or parties in interest.

MOYER, C.J., concurs in the foregoing opinion.