Douglas B. FIRESTONE (90–4114); Russell A. Firestone (90–4115); Jeffrey Firestone, David M. Firestone, Jr. (90–4116/4117); Mark A. Firestone (90–4118); Leigh E. Firestone (90–4119); and Douglas B. Firestone, Amy Firestone Del Valle (90–4120), Plaintiffs–Appellants,

v.

Daniel M. GALBREATH, et al., Defendants–Appellees.

Nos. 90–4114 to 90–4120.

United States Court of Appeals, Sixth Circuit.

Argued June 15, 1992.

Decided May 31, 1994.

---

Douglas B. Firestone, pro se.

Joan E. O'Dell, Washington, DC (argued and briefed), for Douglas B. Firestone.

Amy Firestone Del Valle, pro se.

Richard S. Wayne, Strauss & Troy, Cincinnati, OH (argued and briefed), for Jeffrey Firestone and David M. Firestone, Jr.

Robert M. Kincaid, Jr., Baker & Hostetler, Columbus, OH (briefed), C. Craig Woods (briefed), David J. Young (briefed), Squire, Sanders & Dempsey, Columbus, OH, Craig Denmead, Denmead, Blackburn & Willard, Columbus, OH (argued and briefed), Philip R. Forlenza, Patterson, Belknap, Webb & Tyler, New York City, for Daniel M. Galbreath.

Craig Denmead, Kevin M. Maloney, Denmead, Blackburn & Willard, Columbus, OH, for Bolon, Hart & Buehler, Inc.

Joan E. O'Dell, Washington, DC (argued and briefed), for Russell A. Firestone, III.

Jeffrey Firestone, pro se.

David M. Firestone, Jr., pro se.

Neil B. Jagolinzer, Christiansen, Jacknin & Tuthill, West Palm Beach, FL, for Mark A. Firestone.

John W. Clark, Jr., Clark, Wiley & Goodall, Dallas, TX, for Leigh E. Firestone.

Before: MILBURN and NORRIS, Circuit Judges; and ENGEL, Senior Circuit Judge.

ENGEL, Senior Circuit Judge.

In our first opinion in this appeal, *Firestone v. Galbreath*, 976 F.2d 279 (6th Cir. 1992),[1] we affirmed the dismissal of all claims against all the defendants with the exception of the state common law claims for tortious interference with expectancy of inheritance. *Id.* at 288.[2] Because we were uncertain

---

1. The underlying facts in this case are aptly summarized in that opinion.

2. Concluding that Ohio did not recognize a cause of action for tortious interference with expectancy of inheritance, the district court dismissed this

whether Ohio recognized such a cause of action, we certified the following questions to the Ohio Supreme Court in an order submitted May 26, 1993:

1. Does Ohio recognize the tort of intentional interference with expectancy of inheritance?

2. If the tort exists, who has the right to maintain the cause of action?

The Supreme Court of Ohio accepted certification and responded, its decision being reported as *Firestone v. Galbreath,* 67 Ohio St.3d 87, 616 N.E.2d 202 (1993) ("Certification Decision").[3]

At the outset, we reaffirm our prior opinion upholding the district court's judgment with respect to all other claims. In that opinion, we refrained from issuing a final judgment to avoid compelling the parties to take a premature or purely protective petition for *certiorari* should they have so chosen. *Firestone,* 976 F.2d at 288. With this decision, it is our intent to enter a final judgment so that the appeal can be terminated by remand to the district court with appropriate instructions.

■ The principal question put to the Supreme Court of Ohio—whether Ohio recognizes the tort of intentional interference with expectancy of inheritance—was answered in the affirmative,[4] contrary to the specific finding of the district court. *Firestone,* 747 F.Supp. at 1575. Upon receiving the Certification Decision, we could simply have remanded the case to the district court for a

determination of whether the plaintiffs could prove the elements of the tort. We believe, however, that it is prudent and helpful, to the degree we can, to provide the district court with some additional guidance on remand.[5]

The elements of tortious interference with expectancy of inheritance are:

(1) an existence of an expectancy of inheritance in the plaintiff; (2) an intentional interference by a defendant(s) with that expectancy of inheritance; (3) conduct by the defendant involving the interference which is tortious, such as fraud, duress or undue influence, in nature; (4) a reasonable certainty that the expectancy of inheritance would have been realized, but for the interference by the defendant; and (5) damage resulting from the interference.

Certification Decision, 616 N.E.2d at 203.

■ These elements adhere to the definition of the tort in the RESTATEMENT (SECOND) OF TORTS § 774B (1977), expressly recognized and relied upon by the Ohio Supreme Court. Under the Restatement, this cause of action redresses personal injury caused by an intentional tort for which damages run directly from the tortfeasor to the injured plaintiff. *See Nemeth v. Banhalmi,* 99 Ill.App.3d 493, 55 Ill.Dec. 14, 425 N.E.2d 1187 (1981); *Allen v. Leybourne,* 190 So.2d 825 (Fla.App. 1966).

■ We recognize that certain probate-related causes of action may only be brought by parties with a vested claim to the estate.

---

tort claim, under Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief could be granted. *Firestone v. Galbreath,* 747 F.Supp. 1556, 1575 (S.D.Ohio 1990); *Firestone v. Galbreath,* No. C2–89–840, Mem. Order at 2 (S.D.Ohio Nov. 13, 1990).

3. We express our appreciation to the Supreme Court of Ohio for its admirable display of comity in ruling on our certified questions. Since the issues raised involve complex questions of Ohio substantive law, and jurisdiction is conferred upon the district court solely by the diversity of the parties, the acceptance of certification not only provides the most reliable authoritative source for resolving the issues in question but also inhibits federal court forum shopping.

4. Certification Decision, 616 N.E.2d at 203.

5. This court has the authority to address this issue because the appeal vests the entire case in

this court until remand. Courts of appeals possess the judicial power, if not the obligation, to address issues insofar as their resolution has been raised and briefed by the parties before the appellate court and insofar as their resolution may not only materially assist in the advancement of the litigation upon remand but perhaps avoid the necessity or proliferation of further appeals to this court. It is a power which should be exercised only in exceptional cases or particular circumstances. *See Pinney Dock & Transport Co. v. Penn Central Corp.,* 838 F.2d 1445, 1461 (6th Cir.1988), and cases cited therein including *Alexander v. Aero Lodge No. 735,* 565 F.2d 1364, 1370–71 (6th Cir.1977). We think the protracted legal battle culminating in this appeal presents such circumstances and thus justifies our exercise of this authority.

A cause of action for tortious interference with expectancy of inheritance, however, protects a more attenuated claim to the decedent's property—a claim which need not rise to the level of a vested interest in order to be protected as a legitimate expectancy. In this light, the Ohio Court, in holding that "*any person,* who can prove the elements of the tort of intentional interference with expectancy of inheritance, has the right to maintain the cause of action," Certification Decision, 616 N.E.2d at 203 (emphasis added), appears to have ruled that a fully vested testamentary right is not a prerequisite to maintain a cause of action for tortious interference with expectancy of inheritance.

Defendants argue that this tort can not be so broad as to protect the vague and undefined expectancy of a prospective residual trust beneficiary. What the defendants fail to realize, however, is that it is just this very type of *expectation* of prospective inheritancy, whether in a will or a trust, that falls within the protection of this cause of action.

> "It is the expectancy status to which this theory of liability applies, and both wills and revocable trusts create expectancies."

*Davison v. Feuerherd,* 391 So.2d 799, 802 (Fla.App.1980).

We find *Harmon v. Harmon,* 404 A.2d 1020 (Me.1979), instructive. In *Harmon,* the court recognized an action for tortious interference with expectancy of inheritance where a son sued his brother and sister-in-law for allegedly inducing their mother, by fraud and undue influence, to transfer valuable property to the defendants thereby effectively disinheriting plaintiff. The *Harmon* court held that "liability in tort [for tortious interference with expectancy of inheritance] is recog-

nized notwithstanding that clearly the *beneficiary's interest includes no vested right, but is a 'mere' expectancy.*" *Id.* at 1024 (emphasis added), *citing* 44 Am.Jur.2d *Insurance* § 1738 (1939), and cases cited at note 18 therein. The issue, according to the *Harmon* court, "is not whether the interest is vested or expectant; rather the issue is whether it is legally protected so that intentional and wrongful interference causing damage to the plaintiff gives rise to liability in tort." *Id.* (citations omitted).[6]

That the plaintiff-grandchildren are residual trust beneficiaries, as opposed to vested beneficiaries of a fully-funded trust, will undoubtedly make it more difficult to prove certain elements of the offense, but it should not automatically preclude them from seeking redress in the proper forum if they can proffer sufficient proof. As Dean Prosser has commented:

> The problem [in providing redress for tortious interference with expectancy of inheritance] appears in reality to be one of satisfactory proof that the loss has been suffered, instead of the existence of a ground to tort liability.

W. Page Keeton Et Al., Prosser and Keeton on the Law of Torts § 130, at 1007 (5th ed.1984).[7]

The danger perceived by the defendants, the two judges dissenting from the Ohio Supreme Court decision,[8] and the district court,[9] that the plaintiffs would be able to enforce an unduly attenuated claim is mitigated by the requirement that "there must be proof amounting to a *reasonable degree of certainty* that the bequest or devise would have been in effect at the time of the death of

---

**6.** *See also Mitchell v. Langley,* 143 Ga. 827, 85 S.E. 1050 (1915), a case involving a *nonvested expectancy* under an insurance policy, which held:

> A bare possibility may not be (protectible). But where an intending donor, or testator, or member of a benefit society, *has actually taken steps toward perfecting the gift, or devise, or benefit, so that if let alone the right of the donee, devisee, or beneficiary will cease to be inchoate and become perfect,* we are of the opinion that there is such a status that an action will lie, if it is maliciously and fraudulently destroyed, and the benefit diverted to the person so act-

ing, thus occasioning loss to the person who would have received it.

*Id.* 85 S.E. at 1053 (emphasis added).

**7.** *See also Bohannon v. Wachovia Bank & Trust Co.,* 210 N.C. 679, 188 S.E. 390, 394 (1936) ("It is true that such a cause of action [tortious interference with an expectancy] may be difficult to prove but that does not touch the existence of the cause of action, but only its establishment.").

**8.** Certification Decision, 616 N.E.2d at 203–04.

**9.** *Firestone,* 747 F.Supp. at 1568.

the testator or that the gift would have been made *inter vivos* if there had been no such interference." RESTATEMENT (SECOND) OF TORTS, § 774B, cmt. d, at 59 (1979) (emphasis added), cited in Certification Decision, 616 N.E.2d at 203. The Ohio Supreme Court considered this comment "enlightening," and we are confident that this limitation will ensure that only valid claims of compensable harm will be redressed.

Considering that the Ohio Supreme Court has, subsequent to the filing of the original complaints in this case, recognized and defined the cause of action of tortious interference with expectancy of inheritance, and considering that the evidentiary record before the court has not been fully explored and was not made the subject of this appeal, and presumably at least only limited discovery has heretofore taken place, we conclude that the most useful method for proceeding is a remand to the district court. This will permit that court to entertain revised and amended pleadings so that the focus of the issues may be placed more clearly upon the single tort theory remaining and an adequate record by pleading, discovery, and otherwise be developed.

Having so ruled, we identify aspects of this case and the Grandchildren's claim that we are reluctant, at this juncture, to resolve based solely upon the pleadings of a case which has proceeded heretofore upon such a broad front. They include: (1) the scope and calculation of any recoverable damages, (2) the impact of both this decision and the decision of the Ohio Supreme Court on lower state court rulings with regard to issue and claim preclusion, (3) the effect of the substitution of James Petropoulis for John Galbreath as Trustee of the Family Trust, and (4) the filing of bankruptcy by one of the appellants.

In light of the Certification Decision by the Ohio Supreme Court and our instructive observations, we AFFIRM in part, REVERSE in part and REMAND. A mandate will issue in conformity with this opinion.