This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellants, Rebecca C. Werman, David M. Green, and Ronald Green, appeal from a final judgment of the Lake County Court of Common Pleas granting appellee, David A. Raymond, summary judgment. For the reasons that follow, we affirm the decision of the trial court.
On February 17, 1999, appellants filed a complaint in the Lake County Court of Common Pleas against Dorothy Green ("Green"), individually and as executrix of the estate of Ann S. Green ("Ann Green").[1] In their complaint, appellants alleged that Green through "fraud, duress, undue influence or other tortious act * * * interfered with their expectancy of inheritance." On May 11, 1999, Green filed an answer in which she denied the allegations contained in the complaint.[2]
Appellee filed a motion for summary judgment on December 27, 1999, arguing that he was entitled to judgment as a matter of law because there were no genuine issues of material fact in dispute. On January 13, 2000, appellants filed a brief in opposition to summary judgment in which they maintained that, although there was no direct evidence of interference, there was circumstantial evidence showing that Green had interfered with their expectancy of inheritance.
In a judgment entry filed on January 25, 2000, the trial court granted appellee summary judgment. In doing so, the court found that appellants had provided no evidence of an expectancy of inheritance from the estate of Ann Green. Moreover, the trial court also determined that there was no evidence showing any tortious conduct on Green's part. As a result, the trial court concluded that appellants failed to demonstrate Green actually prevented them from receiving property that they otherwise would have received.
From this judgment entry, appellants filed a timely notice of appeal. They now assert the following assignment of error for our review:
 "The trial court erred in granting summary judgment for defendants-appellees."
At the outset, we note that summary judgment is proper when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); Leibreich v. A.J. Refrigeration, Inc. (1993),67 Ohio St.3d 266, 268.
Material facts are those facts that might affect the outcome of the suit under the governing law of the case. Turner v. Turner (1993),67 Ohio St.3d 337, 340, citing Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248. To determine what constitutes a genuine issue, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Turner at 340.
The party seeking summary judgment on the ground that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. Dresherv. Burt (1996), 75 Ohio St.3d 280, 293. The moving party must be able to point specifically to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim. Dresher at 293.
If the moving party fails to satisfy this initial burden, summary judgment should be denied. Id. However, if this initial burden is met, the nonmoving party has a reciprocal burden to respond, by affidavit or as otherwise provided in the rule, in an effort to demonstrate that there is a genuine issue of fact suitable for trial. Id. If the nonmoving party fails to do so, the trial court may enter summary judgment against that party if appropriate. Id.
According to appellants, summary judgment was inappropriate because they introduced circumstantial evidence supporting every essential element of their claim. Specifically, appellants believe that their deposition testimony shows that Green was overbearing and exercised virtually total control over family matters. Moreover, appellants submit that the evidence, while not direct, also demonstrates that because they were related to Ann Green, in addition to the fact that comments had been made in the past suggesting that certain heirlooms would be kept in the family, they had a reasonable expectancy of inheritance.
The Supreme Court of Ohio first recognized the tort of intentional interference with an expectancy of inheritance in Firestone v. Galbreath (1993), 67 Ohio St.3d 87. In doing so, the Supreme Court held that the following elements must be proven to maintain such a cause of action:
 "(1) an existence of an expectancy of inheritance in the plaintiff; (2) an intentional interference by a defendant(s) with that expectancy of inheritance; (3) conduct by the defendant involving the interference which is tortious, such as fraud, duress or undue influence, in nature; (4) a reasonable certainty that the expectancy of inheritance would have been realized, but for the interference by the defendant; and (5) damage resulting from the interference." Firestone at 88.
Here, the record shows that appellants had very little or no contact with Ann Green for approximately fifteen years prior to her death. As a matter of fact, Ann Green had not given appellants any gifts or money since the early 1980s. Furthermore, appellants could not testify to any promise made by Ann Green that they were going to inherit from her estate, and none of the appellants had seen a copy of Ann Green's will prior to her death. Instead, appellants base their claims almost entirely on the fact that they were the children of one of Ann Green's brothers, and that they were a part of a small family.
In addition, appellants also failed to introduce any evidence with respect to tortious conduct on Green's part. True, Green and her sister Ann had a close relationship, and actually lived together for a long time. Moreover, it appears to be undisputed that Green possessed a strong will and had a bad relationship with appellants after their parents died. That, however, standing alone, is not enough to sustain appellants' claim that Green somehow intentionally interfered with their expectancy of inheritance. The mere fact that Green had the opportunity to exert influence, along with the family dissention, is simply not enough.
As a result, appellee was entitled to summary judgment because there were no genuine issues of material fact in dispute. Rather, appellants, who obviously feel slighted for having not received a larger inheritance, attempt to base their claim on hunches and mere speculation.[3] Without evidence that Green actually prevented appellants' from receiving property that they otherwise would have received, their cause of action must fail as a matter of law.
Based on the foregoing analysis, appellants' sole assignment of error has no merit. Accordingly, the judgment of the trial court is affirmed.
 ______________________________________ JUDGE JUDITH A. CHRISTLEY
O'NEILL, P.J., GRENDELL, J., concur.
[1] Ann Green was appellants' aunt.
[2] Dorothy Green died on October 9, 1999, and appellee, the executor of Green's estate, was substituted as the defendant in the action.
[3] Appellants each received one dollar from Ann Green's estate at the time her will was probated.