[Cite as *Beadle v. O'Konski-Lewis*, 2016-Ohio-4749.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Donald G. Beadle                                    Court of Appeals No. L-15-1216

    Appellant                                     Trial Court No. 2014 ADV 2613

v.

Patricia J. O'Konski-Lewis, etc., et al.            **DECISION AND JUDGMENT**

    Appellees                                      Decided:  June 30, 2016

* * * * *

John J. McHugh, III, Matthew M. McHugh and Nader O. Sarsour,
for appellant.

Douglas A. Wilkins, for appellee Patricia J. O'Konski-Lewis;
Joseph Weisberg, for appellee Pamela Lewis.

Thomas W. Heintschel and Douglas W. King, for appellee
Fifth Third Bank, Successor Trustee.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an appeal from the judgment of the Lucas County Court of Common

Pleas, Probate Division, dismissing appellant's, Donald Beadle, complaint for lack of

jurisdiction.  For the reasons that follow, we affirm.

{¶ 2} The following facts taken from the complaint are presumed true for purposes of this appeal. This matter involves the planned estate distribution of Isaac Laurence Lewis. In 1993, appellant met and developed a friendship with Lewis. Over the years, appellant advised Lewis regarding some IRS investigations and also a real estate transfer, saving Lewis significant sums of money. In consideration of the services rendered by appellant, and the kindness shown to Lewis by appellant's wife, Lewis promised that he would make appellant the residual beneficiary of his estate. On March 23, 2000, Lewis executed a will to accomplish this purpose. The next day, Lewis gave appellant a copy of his will, and promised that he would never make another will, and that he would never get married again. Lewis continued to make these promises through May 2007.

{¶ 3} In the summer of 2010, Lewis became seriously ill and was hospitalized. Lewis eventually was discharged from the hospital, and was tended to by appellee, Patricia O'Konski-Lewis ("Patricia"). Five days after his discharge, on July 10, 2010, Lewis and Patricia were married. Shortly thereafter, while Lewis was still recovering, Patricia took Lewis to a lawyer, and he executed estate planning documents that created a revocable inter vivos trust and pour-over will. Those documents were finalized on August 24, 2010. Lewis then transferred all of his possessions to the trust, of which Lewis was the sole beneficiary. The documents provided that upon Lewis' death, Patricia would become the beneficiary of the trust.

{¶ 4} On October 12, 2012, Lewis was declared incompetent by the Lucas County Court of Common Pleas, Probate Division, finding that he suffered from schizophrenia

2.

and Alzheimer's dementia. The court named Patricia as Lewis' guardian. Thereafter, Patricia requested, and was granted, permission to dispense with filing subsequent statements of expert evaluation because it was determined by the expert to a reasonable degree of medical certainty that Lewis' condition would not improve. As of the filing of this lawsuit, Lewis is still alive.

{¶ 5} On December 30, 2014, appellant filed a complaint against Patricia, as well as against appellees Fifth Third Bank, Pamela Lewis, and Toledo Community Foundation, Inc.[1] In his complaint, appellant sought to have the August 24, 2010 trust and pour-over will declared null and void based on Lewis' lack of capacity at the time to execute those documents, as well as the undue and improper influence of Patricia. Appellant also asserted a claim against Patricia that she intentionally interfered with his expectation of inheritance as a beneficiary of Lewis' estate.

{¶ 6} Subsequently, Patricia, Fifth Third Bank, and Pamela Lewis separately moved to dismiss the complaint for lack of jurisdiction.[2] The parties argued that the will and trust were ambulatory in nature. Thus, they concluded that the probate court lacked jurisdiction to resolve appellant's challenge to those documents while Lewis was still alive. Regarding the claim of intentional interference with expectation of inheritance, the

---

[1] Fifth Third Bank was named as the successor trustee upon Lewis' incapacity. Pamela Lewis is Lewis' daughter and a beneficiary of the trust. Toledo Community Foundation is also a beneficiary of the trust.

[2] Toledo Community Foundation filed an answer with affirmative defenses.

3.

parties contended that it is intertwined with appellant's attempted will contest, and is likewise not subject to review while Lewis is living.

{¶ 7} Appellant opposed the motions to dismiss, arguing that the ambulatory nature of wills and trusts presumes that the testator/settlor has the capacity to amend or revoke those instruments during his or her lifetime. In this case, however, because Lewis has been deemed permanently and irreversibly incompetent by the probate court, appellant contends that the will and trust are no longer ambulatory. Thus, appellant concludes that since the will and trust can no longer be changed, the probate court has jurisdiction to hear his claims.

{¶ 8} On July 31, 2015, the probate court entered its judgment, granting appellees' motions to dismiss.

{¶ 9} Appellant has timely appealed the judgment of the probate court, asserting one assignment of error for our review:

> I. The trial court erred prejudicially in concluding that a revocable trust and companion pour-over will were ambulatory, and susceptible to revocation or amendment, given the intervening judicial declaration of incompetency of the grantor/testator due to irreversible dementia and Alzheimer's disease.

## Analysis

{¶ 10} Although framed by the parties as a question of subject-matter jurisdiction, this appeal truly concerns whether appellant's claims are justiciable. Article IV, Section

4.

4(B) of the Ohio Constitution provides that "the courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters." "For a cause to be justiciable, there must exist a real controversy presenting issues which are ripe for judicial resolution and which will have a direct and immediate impact on the parties." *Stewart v. Stewart*, 134 Ohio App.3d 556, 558, 731 N.E.2d 743 (4th Dist.1999). "[T]he danger or dilemma of the plaintiff must be present, not contingent on the happening of hypothetical future events * * * and the threat to his position must be actual and genuine and not merely possible or remote." *Mid-American Fire & Cas. Co. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, 863 N.E.2d 142, ¶ 9, quoting *League for Preservation of Civil Rights v. Cincinnati*, 64 Ohio App. 195, 197, 28 N.E.2d 660 (1st Dist.1940). "The court is required to raise justiciability sua sponte." *Stewart* at 558.

{¶ 11} "[S]tanding to sue is part of the common understanding of what it takes to make a justiciable case." *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 21, quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 102, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Standing has traditionally been referred to as "[w]hether a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy." *Id.*, quoting *Cleveland v. Shaker Hts.*, 30 Ohio St.3d 49, 51, 507 N.E.2d 323 (1987). The constitutional minimum of standing contains three elements: (1) an "injury in fact," which is "an invasion of a legally protected interest which is (a) concrete and particularized, * * * and (b) 'actual or imminent, not "conjectural" or "hypothetical;"'"

5.

(2) a causal connection between the injury and the challenged action, and (3) that it must be "'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" (Internal citations omitted). *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

{¶ 12} In addition to standing, "[I]nherent in determining whether a complaint sets forth a justiciable issue is the question of ripeness." *In re Arnott*, 190 Ohio App.3d 493, 2010-Ohio-5392, 942 N.E.2d 1124, ¶ 22 (4th Dist.), quoting *Thomson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 09AP-782, 2010-Ohio-416, ¶ 10. "Ripeness 'is peculiarly a question of timing.'" *State ex rel. Elyria Foundry Co. v. Indus. Comm.*, 82 Ohio St.3d 88, 89, 694 N.E.2d 459 (1998), quoting *Regional Rail Reorganization Act Cases*, 419 U.S. 102, 140, 95 S.Ct. 335, 42 L.Ed.2d 320 (1974). "The ripeness doctrine is motivated in part by the desire 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements * * *.'" *Id.*, quoting *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). "The prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards the prospects of a day in court: the time for judicial relief is simply not yet arrived, even though the alleged action of the defendant foretells legal injury to the plaintiff." *Id.*, quoting Comment, *Mootness and Ripeness: The Postman Always Rings Twice*, 65 Colum.L.Rev. 867, 876 (1965).

6.

{¶ 13} Here, appellant's complaint comprises three aspects: (1) challenging the August 24, 2010 will, (2) challenging the August 24, 2010 inter vivos trust, and (3) asserting a claim for intentional interference with expectancy of inheritance.

{¶ 14} As to the first two, appellant lacks standing to seek a declaration that the August 24, 2010 will and trust are null and void. Appellant's only interest in the property that is controlled by those documents is as a beneficiary under Lewis' prior March 23, 2000 will. However, it is well-settled that "[a] will is ambulatory in nature, and until the death of the testator, and until the law admits such instrument to probate, it gives no accrued rights to the potential takers of benefit." *Corron v. Corron*, 40 Ohio St.3d 75, 78, 531 N.E.2d 708 (1988). Thus, the March 23, 2000 will, even if it is the last valid will, does not create in appellant a "legally protected interest" in Lewis' property until Lewis dies.

{¶ 15} Appellant attempts to circumvent this result by creatively arguing that the August 24, 2010 will and trust are no longer ambulatory on account of Lewis' irreversible incompetence. Initially, we note that the ambulatory nature of the August 24, 2010 will and trust is of no concern as it relates to appellant's standing to contest those documents. Indeed, appellant is bringing his claims precisely because he has no rights under those documents. Instead, appellant's standing to bring his claims rises and falls on the March 23, 2000 will. Consequently, we will address his arguments as if they were directed toward the March 23, 2000 will.

7.

{¶ 16} Appellant claims that the law contains a well-defined exception where the testator is permanently incompetent that would, in essence, vest him with rights in the property as if Lewis were dead. We find no such exception, nor do we think that it would be good policy to create one. Appellant cites R.C. 2107.33(G) and *First Natl. Bank of Cincinnati v. Oppenheimer*, 190 N.E.2d 70 (P.C.1963) for the proposition that the same capacity is required to revoke a will or trust, respectively, as is required to create one. We agree that this is an accurate statement of the law. However, the cited material does not stand for, nor does it follow that because the March 23, 2000 will cannot be revoked at this point due to Lewis' incompetence, that the will should be treated as vesting in appellant the rights to Lewis' property. First, such a conclusion does not account for future advances in medicine that, while unfortunately not likely in Lewis' case, may be able to reverse the effects of mental degeneration. Second, and more importantly, vesting the beneficiary with legal property rights would, among other things, place him or her in a position adverse to the guardian or trustee of the incompetent testator as it relates to the funds expended for the care of the testator, which would undoubtedly incite litigation even in the absence of fraud or some other breach of fiduciary duty by the guardian or trustee. Therefore, we reassert the rule in *Corron*, 40 Ohio St.3d at 78, 531 N.E.2d 708, that "until the death of the testator, and until the law admits such instrument to probate, it gives no accrued rights to the potential takers of benefit," and we hold that no exception exists that would vest property rights in the named beneficiaries where the testator is

8.

deemed permanently incompetent. Accordingly, we conclude that appellant lacks standing to seek a declaration that the August 24, 2010 will and trust are null and void.

{¶ 17} Turning to appellant's claim for intentional interference with expectancy of inheritance, we find that it is not justiciable because it is not yet ripe. The Ohio Supreme Court held that the elements of the tort of intentional interference of expectancy of inheritance are:

> (1) an existence of an expectancy of inheritance in the plaintiff; (2) an intentional interference by a defendant(s) with that expectancy of inheritance; (3) conduct by the defendant involving the interference which is tortious, such as fraud, duress or undue influence, in nature; (4) a reasonable certainty that the expectancy of inheritance would have been realized, but for the interference by the defendant; and (5) damage resulting from the interference. *Firestone v. Galbreath*, 67 Ohio St.3d 87, 88, 616 N.E.2d 202 (1993).

Furthermore, the court stated, "[A]ny person who can prove the elements of the tort of intentional interference with expectancy of inheritance has the right to maintain the cause of action." *Id.*

{¶ 18} We first note that, unlike his claims challenging the validity of the August 24, 2010 will and trust, appellant has standing to pursue his claim of intentional interference with expectancy of inheritance. As recognized by the Sixth Circuit Court of Appeals in the subsequent action in federal court, "[C]ertain probate-related causes of

9.

action may only be brought by parties with a vested claim to the estate. A cause of action for tortious interference with expectancy of inheritance, however, protects a more attenuated claim to the decedent's property—a claim which need not rise to the level of a vested interest in order to be protected as a legitimate expectancy." *Firestone v. Galbreath*, 25 F.3d 323, 325-26 (6th Cir.1994). Here, accepting the allegations in the complaint as true, appellant has an expectancy of inheritance by virtue of the March 23, 2000 will; Patricia intentionally interfered with that inheritance through her undue influence in having Lewis execute the August 24, 2010 will and trust; and due to the permanent incompetency of Lewis, which prevents him from executing a new will or otherwise revoking the March 23, 2000 will, there is a reasonable certainty that the inheritance would have been realized.

{¶ 19} Nevertheless, appellant has not yet suffered any damages. Although the funds to which appellant claims an expectancy have been transferred from Lewis' possession to the trust, there is no meaningful distinction as it pertains to Lewis' relationship to the funds for purposes of appellant's claim. In this case, the funds are being held in a trust solely for the benefit of Lewis during his lifetime. This is not a situation where the property is being diverted to a third party. The damages do not arise until Lewis dies and Patricia becomes the beneficiary of the trust. Therefore, we hold that appellant's claim for intentional interference with expectancy of inheritance is not ripe for judicial review.

10.

**{¶ 20}** Accordingly, because appellant does not have standing to pursue his challenges to the August 24, 2010 will and trust, and because his claim for intentional interference with expectancy of inheritance is not ripe, we hold that his claims are not justiciable, and the trial court did not err in dismissing them.

**{¶ 21}** Appellant's assignment of error is not well-taken.

### Conclusion

**{¶ 22}** For the foregoing reasons, we find that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas, Probate Division, is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.           _____
                                              JUDGE

Arlene Singer, J. _____

Thomas J. Osowik, J. _____       _____
CONCUR.                                              JUDGE

_____
                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.