[Cite as *Karras v. Karras*, 2018-Ohio-515.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| OURANIA A. KARRAS | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 27606 |
| | : | |
| v. | : | Trial Court Case No. 15-CV-5456 |
| | : | |
| ANASTASIOS KARRAS | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of February, 2018.

. . . . . . . . . . .

GREGORY E. HULL, Atty. Reg. No. 0023520 and JAMES PAPAKIRK, Atty. Reg. No. 0063862, 50 E. Business Way, Suite 410, Cincinnati, Ohio 45241
    Attorneys for Plaintiff-Appellant

LAURENCE LASKY, Atty. Reg. No. 002959, 130 W. Second Street, Suite 830, Dayton, Ohio 45402
    Attorney for Defendant-Appellee

. . . . . . . . . . . . .

TUCKER, J.

**{¶ 1}** Plaintiff-appellant, Ourania A. Karras, appeals from the trial court's decision of April 27, 2017, in which the court entered judgment on her claim for unpaid rent in favor of Defendant-appellee, Anastasios Karras. Raising two assignments of error, Appellant argues that: (1) the court interpreted her complaint too narrowly when it found that she had neither established her right to recover rent from Appellee, nor stated a claim for damages based upon Appellee's alleged interference with her life estate; and (2) the court should have found that Appellee admitted liability because his answer to the complaint did not satisfy the requirements of Civ.R. 8(B). We find that the trial court did not err, and we therefore affirm.

### I. Facts and Procedural History

**{¶ 2}** Pursuant to the terms of a trust, Appellant holds a life estate in the marital residence that she shared with her late husband, Andreas Karras. Decision Sustaining Def.'s Mot. for Summ. J. and Overruling Pl.'s Mot. for Summ. J. 2, Apr. 27, 2017. Appellee, one of Andreas Karas's three adult children from a previous marriage, resided with his father and Appellant before his father died in May, 2013, and he continued to reside there after his father's death. *See id.* at 2-3. Disputes among Appellant, Appellee and Appellee's siblings over the implementation of the trust and the disposition of the trust's assets led to litigation in the Montgomery County Probate Court, beginning in May, 2014. *Id.* at 2.

**{¶ 3}** On July 28, 2015, the probate court issued an entry resolving the parties' various claims. *Id.* In relevant part, the probate court held that the trust entitled Appellant to exclusive possession of her marital residence and that Appellee had no right

to remain there. *Id.* Appellee did not vacate the residence, however, so Appellant filed her "Complaint for Forcible Detention [sic], Rent and Damages" in the Montgomery County Court of Common Pleas on October 16, 2015. *See id.* at 3. The complaint comprised two claims for relief—a claim for forcible entry and detainer, and a claim for "rent in an amount no less than $1,000 for every month" Appellee lived in the residence "without permission," plus statutory interest. *See* Compl. ¶ 18 and 23.

{¶ 4} On March 31, 2016, the trial court adopted the magistrate's decision holding that Appellant was entitled to judgment on the pleadings on her first claim for relief. Decision Sustaining Def.'s Mot. for Summ. J. and Overruling Pl.'s Mot. for Summ. J. 3. The court resolved the remaining claim, Appellant's claim for unpaid rent, in favor of Appellee in its decision of April 27, 2017. Appellant's timely appeal followed on May 27, 2017.

## II. Analysis

{¶ 5} Both of Appellant's assignments of error concern the trial court's ruling on a motion for summary judgment. Under Civ.R. 56(C), summary judgment "shall be rendered forthwith" when: (1) "there is no genuine issue as to any material fact"; (2) "the moving party is entitled to judgment as a matter of law"; and (3) construing the evidence most strongly in favor of the non-moving party, "reasonable minds" could not conclude otherwise. *See also Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, ¶ 24; *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). The movant initially bears the burden of demonstrating the absence of any genuine issue of material fact. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988).

{¶ 6} To meet this burden, the movant may rely only on those portions of the record properly before the court under Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the movant meets its burden, then the non-moving party bears the reciprocal burden, as stated in Civ.R. 56(E), to establish specific facts showing genuine issues to be tried. *Id.* at 293. To satisfy its reciprocal burden, the non-moving party "may not rest upon the mere allegations or denials of [the] pleading[s], but must set forth specific facts showing there is [at least one] genuine issue for trial." *Chaney v. Clark County Agric. Soc.*, 90 Ohio App. 3d 421, 424, 629 N.E.2d 513 (2d Dist.1993), citing Civ.R. 56(E), and *Jackson v. Alert Fire & Safety Equip.*, 58 Ohio St.3d 48, 51, 567 N.E.2d 1027 (1991). Whether a fact is "material" depends on the substantive law of the claim being litigated. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986); *Turner v. Turner*, 67 Ohio St.3d 337, 340, 617 N.E.2d 1123 (1993). On appeal "an appellate court reviews a trial court's decision on a motion for summary judgment de novo." *Herres v. Millwood Homeowners Ass'n, Inc.*, 2d Dist. Montgomery No. 23552, 2010-Ohio-3533, ¶ 17, citing *Bonacorsi*, 2002-Ohio-2220, ¶ 24.

{¶ 7} For her first assignment of error, Appellant contends that:

THE TRIAL COURT IMPROPERLY GRANTED TOM'S MOTION FOR SUMMARY JUDGMENT WHEN IT MISCONSTRUED THE WORD "RENT[.]"[1]

{¶ 8} In its decision of April 27, 2017, the trial court found that Appellant directed her second claim for relief "specifically [to] damages based upon [Appellee]'s failure to

---

[1] Tom appears to be Appellee's nickname.

pay rent"; that Appellant "failed to articulate a colorable basis under which she can recover rent" from Appellee; and that Appellant "failed to plead any other damages related to [Appellee]'s alleged interference with her exclusive life estate." Decision Sustaining Def.'s Mot. for Summ. J. and Overruling Pl.'s Mot. for Summ. J. 10-12 [hereinafter *Decision*]. Appellant argues that the trial court thus interpreted her complaint too narrowly. *See* Appellant's Br. 6.

{¶ 9} Implicitly, Appellant's argument relies on the presumption that Ohio law recognizes a discrete cause of action for "intentional interference with a life estate." *See* Appellant's Br. 7. Appellant disavows any intention of recovering rent in the sense of "compensation * * * paid, usually periodically, for the use of * * * property," and maintains that the use of the word " 'rent' " in her second claim for relief was "understood by all" to mean "damages as measured by the diminution of the rental value" of her residence, rather than the more customary meaning. *Black's Law Dictionary* 1166 (5th ed. 1979); Appellant's Br. 6. Acknowledging that Appellee "never signed a lease with [her]" and did "not entirely bar[] her from[her] home," she posits that "Ohio courts have held that the life tenant is owed some amount of damages" in cases similar to hers, where Appellee "simply refused to leave [even] after losing in the [p]robate [c]ourt" and "being served with both a thirty-day and [a] three-day" notice to vacate the premises. Appellant's Br. 7. Appellant's citations notwithstanding, the case law is ambiguous.

{¶ 10} In support of her position, Appellant cites a case in which the Eleventh District Court of Appeals held that "the trial court's * * * award [of] damages to [the] [plaintiff-]appellee for interference with [his] life estate is in accordance with the law." *Karako v. Lindberg*, 11th Dist. Lake No. 97-L-022, 1998 WL 257043, *8 (Apr. 10, 1998).

The plaintiff-appellee in *Karako*, however, sought relief for the breach of a contract "in which [he] was granted a life estate in property formerly owned by [his] wife," as opposed to relief for "intentional interference with a life estate," and the Eleventh District's holding referred to the method by which the trial court had calculated the amount of the plaintiff-appellee's contract damages, not to the legal theory on which he had predicated his complaint. *Id.* at *1 and *6-8. Of note, the trial court calculated the plaintiff-appellee's damages by establishing the value of the consideration he delivered to the defendant-appellant pursuant to their contract. *See id.* at *5-7.

{¶ 11} Appellant also cites *Miller v. Miller*, 8th Dist. Cuyahoga No. 81287, 2003-Ohio-1342. In *Miller*, the plaintiff-appellee was denied access to a residence in which she claimed a life estate and "filed a complaint for declaratory judgment in the Cuyahoga County Court of Common Pleas, Probate Division, seeking," in relevant part, "a determination of her right to possession." *Id.* at ¶ 3, 5, 10, 17 and 19. The trial court agreed that the plaintiff-appellee had a life estate and awarded her compensation in the "amount of the [property's] fair-market rental value" for the interval during "which she was ousted from the property." *Id.* at ¶ 27 and 47. While the plaintiff-appellee was denied access, one of the defendants-appellants "took up residence there." *Id.* at ¶ 24.

{¶ 12} Observing that by virtue of her life estate, the plaintiff-appellee "received an inherent power to rent the property in which she was granted [the] estate," the Eighth District concluded that "the trial court did not err." *Id.* Otherwise, its decision does not elaborate on the trial court's rationale for using rental value as the measure of the plaintiff-appellee's damages, or specify the legal theory on which the plaintiff-appellee based her request for relief. *See id.* at ¶ 19-24 and 43-48.

{¶ 13} Assuming for sake of analysis that intentional interference with a life estate is a cognizable cause of action, the decision of the Ninth District Court of Appeals in *Weaver v. Fenwick*, 9th Dist. Summit No. 17995, 1997 WL 416323, *1 and 3-4 (July 2, 1997), suggests that the claim would sound in tort. Extrapolating from the elements of two other "intentional interference" torts—intentional interference with contract and intentional interference with inheritance—the elements of a claim for intentional interference with a life estate would likely include: the existence of a life estate held by the claimant; the defendant's intentional interference with the exercise of the claimant's property rights; the defendant's lack of justification or privilege; and damages. *See Berridge v. McNamee*, 2016-Ohio-4716, 66 N.E.3d 1266, ¶ 39 (2d Dist.) (listing elements of intentional interference with contract); *Baillis v. Ross*, 8th Dist. Cuyahoga No. 97259, 2012-Ohio-705, ¶ 27 (listing elements of intentional interference with inheritance), citing *Firestone v. Galbreath*, 67 Ohio St.3d 87, 88, 616 N.E.2d 202 (1993).

{¶ 14} Appellant alleges that she holds a life estate in her residence, that Appellee has no right to share the residence, and that Appellee refused to vacate the premises in the absence of any right to remain, and Appellee effectively concedes the validity of these allegations in his answer. Compl. ¶ 2-5 and 10; Answer & Countercl. ¶ 4-7 and 16-17, Nov. 6, 2015. Unlike the plaintiffs in *Miller* and *Weaver*, however, Appellant was not entirely deprived of the enjoyment of her life estate. Instead, Appellee "interfered with [Appellant's] peaceful and quiet enjoyment of the premises" by "refus[ing] to leave" and "continu[ing] to improperly reside" there. Compl. ¶ 10-11. Although *Miller* and *Weaver* offer some support for the proposition that an aggrieved holder of a life estate who is completely dispossessed may recover the fair market rental value of the estate property,

Appellant alleges only a partial disposition.

{¶ 15} The *Miller* and *Weaver* decisions offer no express insight into whether a plaintiff in Appellant's position could recover damages based upon diminution of fair market rental value, though this is not an unreasonable premise. Nevertheless, the complaint includes no allegations establishing the fair market rental value of Appellant's residence or the amount by which the rental value of the residence was diminished as a result of Appellee's unauthorized presence; in other words, Appellant's allegation that Appellee interfered with the quiet enjoyment of her residence did not necessarily provide Appellee with notice that Appellant would seek to recover damages on a claim based upon tortious interference with a life estate. *See State ex rel. Rogers v. Republic Environmental Sys., Inc.*, 2d Dist. Montgomery No. 23513, 2010-Ohio-5523, ¶ 27 (holding that to "constitute fair notice to [an] opposing party," a "complaint must still allege sufficient underlying facts that relate to and support the * * * claim" for relief).

{¶ 16} For that matter, Appellant insists in her reply brief that "if [she had used] the word 'damages' [in her complaint] instead of the word 'rent,' this case would [have been] decided at trial." Appellant's Reply Br. 2. Had the trial court dismissed her complaint under Civ.R. 12(B)(6), Appellant's argument might have some merit, but the trial court issued its decision under Civ.R. 56. Therefore, even if Appellant's complaint could be interpreted to set forth a cause of action for intentional interference with a life estate, and a corresponding claim for damages based upon diminution of fair market rental value, Appellant provided no summary judgment evidence in relation to either of these issues. In the absence of such evidence, the trial court could properly have concluded that Appellant failed to demonstrate her "entitle[ment] to judgment as a matter of law." Civ.R.

56(C). Construed in the context of the whole complaint, we find that the allegations in Appellant's second claim for relief did not give Appellee notice that Appellant sought to recover damages other than unpaid rent as contemplated in R.C. 1923.02 and 5321.06.

{¶ 17} Moreover, even apart from its caption, Appellant's complaint closely mimics the language typical of an action under R.C. Chapters 1923 and 5321. Given that "Ohio is a notice-pleading state, Ohio law does not ordinarily require a plaintiff to plead operative facts with particularity." *City of Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 29. Instead, under Civ.R. 8(A), "a complaint need only contain 'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief.' " *Id.*, quoting Civ.R. 8(A)(1). The "purpose of Civ.R. 8(A) is to give the defendant fair notice of the [plaintiff's] claim and an opportunity to respond." (Citation omitted.) *Leichliter v. Nat'l City Bank of Columbus*, 134 Ohio App.3d 26, 31, 729 N.E.2d 1285 (10th Dist.1999). Though a plaintiff need not advance a specific legal theory to obtain recovery, "the complaint must contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." (Citation omitted.) *Strahler v. Vessels*, 4th Dist. Washington No. 11 CA 24, 2012-Ohio-4170, ¶ 10. Pleadings in general should be construed "liberally" for purposes of Civ.R. 8. *Crosby v. Beam*, 47 Ohio St.3d 105, 110, 548 N.E.2d 217 (1989).

{¶ 18} In her first claim for relief, Appellant alleges that she "gave [Appellee] written notice of the termination of his tenancy, giving him thirty * * * days to vacate the premises." Compl. ¶ 15. R.C. 5321.17 states that a "landlord or [a] tenant may terminate or fail to renew a month-to-month tenancy by notice given the other at least

thirty days prior to the periodic rental date," and the thirty-day notice delivered by Appellant lists "grounds" of "[t]ermination of tenancy" and "[o]ccupying property without color of title when the undersigned [i.e. Appellant] has possessory rights." Compl. ¶ 15 and Ex. B; *compare with* R.C. 1923.02(A)(5). Appellant also alleges that she "served [Appellee] with a [t]hree-[d]ay [n]otice to vacate"; the three-day notice refers to the thirty-day notice, incorporates the same grounds and includes the "conspicuous" warning required by R.C. 1923.04(A). Compl. ¶ 17 and Ex. C. The allegations that Appellee lacks any right to live on the premises, furthermore, relate only to the terms of the trust. That is, even construing the allegations liberally, Appellant never disclaims having had a rental agreement with Appellee. *See Id.* at ¶ 5, 8-10, 14 and 21.

{¶ 19} In her second claim for relief, Appellant alleges that Appellee "has not paid any rent in the time he has lived in the house since May 24, 2013," and she avers that she "has been damaged" as a result of his "refusal to pay rent." *Id.* at ¶ 22-23. Appellant calculates her damages—Appellee's liability—to be "rent in an amount no less than $1,000 for every month [Appellee] lived in [Appellant's residence] without permission." *Id.* at ¶ 23. Like the first claim for relief, the second claim for relief is most readily construed as a standard claim pursuant to R.C. Chapter 1923, specifically a claim under R.C. 1923.02 for unpaid rent, not least because Appellant emphasizes that Appellee's liability should accrue monthly. *Id.*

{¶ 20} As a whole, the allegations Appellant presents in her complaint closely parallel a number of distinctive provisions of R.C. Chapters 1923 and 5321. The consistent, specific references to these provisions certainly constitute notice of statutory claims for forcible entry and recovery of unpaid rent. Were the complaint intended to

assert a tort claim for recovery of damages for interference with a life estate, however, the close parallels to R.C. Chapters 1923 and 5321 would be misleading, and irrespective of Appellant's prayer for "such other and equitable relief to which [she] may be entitled" on "all of her claims," similar boilerplate language appears in countless civil complaints. Moreover, the request for any other relief to which Appellant may be entitled "o[n] all of her claims" links the "other relief" to the claims actually set forth in the complaint, as opposed to "other relief" to which Appellant would have been entitled on additional claims.

{¶ 21} We concur with the trial court's conclusion that Appellant failed to plead any damages other than unpaid rent. Decision 11-12. Appellant's first assignment of error is overruled.

{¶ 22} For her second assignment of error, Appellant contends that:

THE TRIAL COURT IMPROPERLY OVERRULED MRS. KARRAS'

MOTION FOR SUMMARY JUDGMENT.

{¶ 23} Appellant argues that the trial court should have granted summary judgment on Appellee's liability in her favor because Appellee's answer to her complaint did not satisfy the requirements of Civ.R. 8(B), meaning that her allegations should have been deemed admitted under Civ.R. 8(D), and independently, because the trial court's dismissal of Appellee's counterclaim resulted in the dismissal of his answer. Appellant's argument lacks merit.

{¶ 24} In his "Answer and Counterclaim," Appellee "states he owes no money to [Appellant] for rent or damages" and characterizes Appellant's suit as "retaliatory." Answer & Countercl. ¶ 12 and 22. Although Appellee does not deny that the probate court and the trial court alike determined that he had no right to live in Appellant's

residence, he insists that these determinations are incorrect. *See Id.* at ¶ 16. Construed in this context, we concur with the trial court that Appellee's denial of owing Appellant any "rent and damages" constitutes a denial of the allegations in Appellant's second claim for relief. Decision 10. As well, we find that the dismissal of Appellee's counterclaim did not result in the dismissal of his answer, despite the fact that the answer and the counterclaim were presented in a single filing without separate headings. Appellant's second assignment of error is overruled.

### III. Conclusion

{¶ 25} Even construed liberally, we find that Appellant's second claim for relief does not constitute fair notice of a claim for damages other than unpaid rent, and we hold that Appellee did not fail to deny the allegations against him such that they were admitted under Civ.R. 8(D). Therefore, Appellant's assignments of error are overruled, and the trial court's decision of April 27, 2017 is affirmed. Finally, the July 14, 2017 motion of Defendant-Appellee for sanctions against Plaintiff-Appellant for having filed an allegedly frivolous appeal is overruled.

. . . . . . . . . . .

HALL, J., concurs.

FROELICH, J., concurring in part and dissenting in part:

{¶ 26} I agree that the trial court did not err in overruling Appellant Ourania's motion for summary judgment based on Appellee Tom's alleged failure to deny any of the averments in her complaint; I also agree with the resolution of the motion for sanctions. However, I disagree that Ourania failed to plead any damages other than unpaid rent.

{¶ 27} Ourania's complaint for forcible entry, "rent *and* damages" (emphasis

added) alleged that Tom had "failed and refused to leave the marital home, and continue[d] to improperly reside" there, thereby interfering with her "peaceful and quiet enjoyment of the property." The complaint alleged that Tom had been living in the house "without right" since his father's death, had refused to pay rent, and should be ordered to "pay rent" in the amount of $1,000 "for every month [Tom] has lived in the marital home without permission." Tom's answer states he "owes no money to [Ourania] for rent *or* damages." (Emphasis added.)

{¶ 28} Ourania filed a motion for summary judgment on the question of liability, arguing that the only remaining issue to be resolved was the "fair market rental value of the house" for which she should be compensated. Tom filed a memorandum in opposition to Ourania's motion for summary judgment and his own motion for summary judgment. In both filings, Tom's arguments related only to whether rent was owed; he did not specifically assert that Ourania's complaint failed to seek any damages other than rent. Nor did he file a Civ.R. 12 motion that such a claim was not made.

{¶ 29} Generally, the Ohio Civil Rules require "notice pleading" rather than "fact pleading." *Lisboa v. Tramer,* 8th Dist. Cuyahoga No. 97526, 2012-Ohio-1549, ¶ 27, citing *Salamon v. Taft Broadcasting Co.,* 16 Ohio App.3d 336, 338, 475 N.E.2d 1292 (1st Dist.1984). Civ.R. 8(F) states that "[a]ll pleadings shall be so construed as to do substantial justice," and the rule " * * * emphasizes the fact that pleadings shall be construed liberally * * *." *Crosby v. Beam*, 47 Ohio St.3d 105, 110, 548 N.E.2d 217 (1989), citing Staff Notes to Civ.R. 8(F).

{¶ 30} Notice pleadings merely require that a claim concisely set forth those operative facts sufficient to give "fair notice of the nature of the action." *Oxford Sys.*

*Integration, Inc. v. Smith-Boughan Mechanical Servs.,* 159 Ohio App.3d 533, 2005-Ohio-210, 824 N.E.2d 586, ¶ 9 (2d Dist.), citing *De Vore v. Mutual of Omaha Ins. Co.,* 32 Ohio App.2d 36, 38, 288 N.E.2d 202 (7th Dist.1972); Civ.R. 8(A) and 8(E); *Schroeder v. Henness*, 2d Dist. Miami No. 2012 CA 18, 2013-Ohio-2767, ¶ 18. "[P]ursuant to the liberal pleading requirements of Civil Rule 8, the pleadings of the parties to an action need only be in general terms." *Thompson Thrift Construction v. Lynn*, 5th Dist. Delaware No. 16 CAE 10 0044, 2017-Ohio-1530, ¶ 87. Few complaints fail to meet the liberal pleading standards of Civ.R. 8. *Smiley v. Cleveland*, 8th Dist. Cuyahoga No. 103987, 2016-Ohio-7711, ¶ 6.

**{¶ 31}** Although Ourania used the term "rent" at paragraphs 22 and 23 of her complaint (out of a total of 23 paragraphs), her complaint never alleged that there was a rental agreement or lease which she sought to enforce. Rather, she used to the term "rent" as a substitute for or interchangeably with "damages," and presented her claim for damages in terms of monthly compensation to which she claimed she was entitled for each month that Tom had remained in the residence. Construing these pleadings liberally, as we are required to do, I would hold that 1) Tom was on notice that Ourania wanted to be compensated for his continued presence in the home, and that Ourania pled a claim for damages for Tom's unlawful occupancy of her home and his interference with her right to exclusive occupancy of her home, and 2) because Tom did not present any evidence on the issue of such damages, the trial court erred in granting summary judgment to Tom on Ourania's claim for damages.

Copies mailed to:

Gregory E. Hull
James Papakirk
Laurence Lasky
Hon. Dennis J. Langer